UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER<br>1901 South Congress Avenue, Suite 200<br>Boynton Beach, Florida 33426<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br>320 First Street, N.W.<br>Washington, D.C. 20534<br><br>    Defendant. | Case No.  1:25-cv-1522-RBW |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Federal Bureau of Prisons ("Defendant" or "BOP") by and through undersigned counsel, respectfully submits this Answer to the Complaint, *see* EFC. No. 1, filed against Defendant by Human Rights Defense Center ("Plaintiff"), in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

### RESPONSES TO THE NUMBERED PARAGRAPHS

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint as follows:

1

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF[1]

This paragraph contains Plaintiffs' characterization of the nature of its action, to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs bring this action under FOIA seeking to compel release of records responsive to a FOIA request for information that Plaintiffs submitted to Defendant. Defendant denies that the Plaintiffs are entitled to any declaratory or injunctive relief. Defendant denies any remaining allegations in this paragraph.

## Introduction

1. BOP admits it received a FOIA request from the Plaintiff on July 3, 2024, which it acknowledged on July 9, 2024. The remainder of this paragraph is a characterization of Plaintiff's suit to which no response is required. To the extent a response is required, BOP denies Plaintiff is entitled to injunctive relief or legal fees.

## Parties, Jurisdiction, Venue

2. Defendant lacks information or knowledge sufficient to form a belief as to the truth of this paragraph.

3. Defendant admits the United States Department of Justice is an Agency of the United States and Defendant is a component thereof. Defendant admits the Federal Bureau of Prisons (herein BOP) is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant admits it is headquartered in Washington D.C. Defendant further admits that, based on the language of the request, it may maintain possession, custody, and control over some records that may be relevant to Plaintiff's request, to the extent that such records exist.

---

[1] For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

4. This paragraph contains conclusions of law or argument to which no response is required. To the extent a response is required, Defendant admits this Court has jurisdiction subject to the terms and limitations of FOIA.

5. This paragraph contains conclusions of law or argument to which no response is required. To the extent a response is required, Defendant admits venue is proper subject to the terms and conditions of FOIA.

## FACTUAL BACKGROUND

6. Defendant is without information nor knowledge sufficient to form a belief as to the truth of the matters asserted in this paragraph.

7. Defendant is without information nor knowledge sufficient to form a belief as to the truth of the matters asserted in this paragraph.

8. Defendant is without information nor knowledge sufficient to form a belief as to the truth of the matters asserted in this paragraph.

9. Defendant is without information nor knowledge sufficient to form a belief as to the truth of the matters asserted in this paragraph.

10. Defendant is without information nor knowledge sufficient to form a belief as to the truth of the matters asserted in this paragraph.

### The FOIA Request to BOP-Request No. 2024-04474

11. Defendant admits the BOP received a FOIA request from Plaintiff dated July 3, 2024 ("Request"). The Request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's FOIA Request, which is attached to Plaintiff's complaint as ECF No 1-1, for a complete and accurate description of the contents thereof. To the

extent the contents of Plaintiff's July 3, 2024 Request differ from the contents asserted in this pleading, Defendant denies.

12. Defendant is without information nor knowledge sufficient to form a belief as to the status of the Plaintiff's organization and mission. Defendant admits it received a Request for a waiver of duplication costs. However, Defendant has assessed no costs against Plaintiff at this time.

13. The allegations contained in Paragraph 13 do not set forth claims of relief or aver facts in support of a FOIA claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, Defendant denies it reports settlement and verdict payouts in an annual report to Congress through the Department of Justice or that it makes direct reports of settlements or verdict payouts to the Attorney General. Defendant only admits that agencies are required to submit an Annual Report to the Attorney General in accordance with 5 U.S.C. § 552(e)(1).

14. The allegations contained in Paragraph 14 do not set forth claims of relief or aver facts in support of a FOIA claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, Defendant denies that BOP provides a list of its settlement and verdict payouts to DOJ. Defendant refers the Court to the Department of Justice website link for a complete and accurate record of the contents thereof. To the extent the description of the contents of the site differ from the contents described here, Defendant denies.

15. The allegations contained in Paragraph 15 do not set forth claims of relief or aver facts in support of a FOIA claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, Defendant refers the Court to the

contents of the Department's report at the posted link for a complete description of the contents thereof. To the extent these contents differ from the description of the report asserted in this paragraph, Defendant denies.

16. Admitted. The Settlement Agreement speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the contents of the Settlement Agreement, which is attached to Plaintiff's Complaint as ECF No. 1-2. To the extent these contents differ from the description of the report asserted in this paragraph, Defendant denies.

17. Defendant BOP denies this paragraph in full.

18. Defendant admits it assigned the Plaintiff's Request a tracking number of 2024-04474 and dispatched an acknowledgment letter. Defendant refers the Court to its acknowledgment letter, which is attached to the Complaint as ECF No. 1-3, for a complete and accurate copy of the contents thereof.

19. Admitted.

## COUNT I

### Violation of 5 U.S.C. § 522(a)(6)(A)(i)
### Failure to Timely Make a Determination

Defendant repeats and incorporates by reference each of the foregoing responses to paragraphs 1 through 19 as if fully set forth herein.

20. This paragraph is a conclusion of law or argument to which Defendant is not required to respond. However, to the extent a response may be required, Defendant admits that, based on the language of the request, it may maintain possession, custody, and control over some records that may be relevant to Plaintiff's request, to the extent that such records exist.

5

21. This paragraph is a conclusion of law or argument to which Defendant is not required to respond. However, Defendant BOP admits it is subject to the terms and conditions of the FOIA, 5 U.S.C. § 552.

22. This paragraph is a legal conclusion or argument to which Defendant BOP is not required to respond. To the extent a response is required, Defendant denies the allegations in this paragraph.

23. Admitted.

24. This paragraph states a legal conclusion or argument to which the Defendant is not required to respond.

25. Defendant admits only it has not issued a determination on FOIA Request No. 2024-04474.

26. Denied.

27. This paragraph states a legal conclusion or argument to which the Defendant is not required to respond.

## COUNT II

**Violation of 5 U.S.C. § 522(a)(3)(A)-(D)**
**Failure to Make a Reasonable Effort to Search for and Release Records**

Defendant repeats and incorporates by reference each of the foregoing responses to paragraphs 1 through 19 as if fully set forth herein.

28. This paragraph states a legal conclusion or argument to which Defendant BOP is not required to respond. Defendant admits that, based on the language of the request, it may maintain possession, custody, and control over some records that may be relevant to Plaintiff's request, to the extent that such records exist.

29. This paragraph states a legal conclusion or argument to which the Defendant is not

required to respond.

30.     This paragraph states a legal conclusion or argument to which Defendant BOP is not required to respond.  To the extent a response is required, Defendant denies the allegations in this paragraph.

31.     This paragraph states a legal conclusion or argument to which Defendant BOP is not required to respond.  To the extent a response is required, Defendant denies the allegations in this paragraph.

### COUNT III

### Violation of 5 U.S.C. § 552(a)(4) & (6)
### Failure to Grant Fee Waiver

Defendant BOP fully repeats and incorporates by reference each of the foregoing responses to paragraphs 1 through 19 as if fully set forth herein.

32.     Defendant admits the BOP received a FOIA request from Plaintiff dated July 3, 2024. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's FOIA Request, which is attached to Plaintiff's Complaint as ECF No 1-1.

33.     This paragraph states a legal conclusion or argument to which Defendant BOP is not required to respond.  To the extent a response is required, Defendant denies the allegations in this paragraph.

34.     As Defendant has assessed no fees against Plaintiff, this paragraph is denied.

### Requested Relief

This paragraph contains the relief requested by the Plaintiff to which Defendant is not required to respond. However, Defendant denies the Plaintiff is entitled to costs of suit, attorney's fees, or any relief whatsoever.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

**FIRST DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dept't. of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA Complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiff' complaint that they would not otherwise be required to answer, and that are not material to Plaintiff' FOIA claim, would prejudice Defendants."); *Roberts v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 33714800, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding the plaintiff's "allegations are irrelevant to the validity of [[his] FOIA claims").

**SECOND DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff' requests for relief that exceed the relief authorized by FOIA.

**THIRD DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record

8

protected from disclosure by one or more exclusions or exemptions to the FOIA or Privacy Act, 5 U.S.C. § 552a, where disclosure would cause foreseeable harm.

### FOURTH DEFENSE

Plaintiff is neither eligible for or entitled to attorneys' fees and costs in this matter.

### FIFTH DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

### SIXTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA. At all times, Defendant acted in accordance with the law and in good faith.

### SEVENTH DEFENSE

Plaintiff's FOIA request is improper to the extent it requires Defendant to create or compile new records to respond or requires Defendant to answer questions posed as FOIA requests.

### EIGHTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### NINTH DEFENSE

Defendant asserts that it may have additional affirmative defenses which are not known to Defendant at this time, but which may be ascertained during litigation. Defendant specifically preserves these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.

\*   \*   \*

Dated: July 18, 2025 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　JEANINE FERRIS PIRRO
　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　By:　　/s/ *Kenneth Adebonojo*
　　　　　　　　　　　　　　　　　　KENNETH ADEBONOJO
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　601 D Street, NW
　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　(202) 252-2562

　　　　　　　　　　　　　　　　　　*Attorneys for the United States of America*